UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **BRYANT CARTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | CAUSE NO.  1:10-cv-1669-TWP-DKL |
| **ELI LILLY & COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

**ORDER**
**ON PLAINTIFF'S UNOPPOSED MOTION TO FILE HIS RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT AND RELATED EXHIBITS UNDER SEAL**

This matter is before the Court on the *Plaintiff's Unopposed Motion to File His Response in Opposition to Defendant's Motion for Summary Judgement and Related Exhibits Under Seal.* [Dkt. 54.]

Plaintiff, Bryan Carter ("Carter"), alleges that his former employer, Defendant, Eli Lilly & Company ("Lilly"), discriminated against him in violation of Title VII of the Civil Rights Act of 1964.  Lilly has filed a motion for summary judgment and Carter has filed his response along with supporting exhibits. [Dkt. 53.]  Under the Court's Electronic Case Filing ("ECF") procedures, Carter filed his opposition response brief and supporting exhibits under seal.   In his contemporaneously filed motion, Carter explains that these

documents were filed under seal pursuant to the Parties' operative Stipulated Protective Order ("SPO"). [Dkt. 54.][1]

Generally, a protective order represents the parties' agreement as to the handling of discovery exchanges. The SPO in this matter states in part that:

> Discovery in this action is anticipated to involve the disclosure of confidential and/or proprietary data or information of parties or nonparties, including, but not limited to development data, commercial information, human resources policies, and confidential personnel records.

[Dkt. 65, ¶1.] The SPO further provides in pertinent part:

> This Order applies to all products of discovery and all information derived therefrom including, but not limited to, all documents, objects or things, depositions testimony, and interrogatory/request for admission responses, and any copies, excerpts or summaries thereof, obtained by any party pursuant to the requirements of any court order or rule of procedure, requests for production of documents, requests for admissions, interrogatories, or subpoena ("Discovery Materials").

[Dkt. 65, ¶2.] The SPO states that "Confidential Discovery Materials" shall mean:

> [...A]ny information the producing party in good faith believes is properly protected under Federal Rule of Civil Procedure 26( c) and that is properly designated as Confidential according to the procedures set forth in this Order and not declassified pursuant to the procedures outlined in Section 10 of this Order.

[Dkt. 65, ¶4.] Finally, the SPO prohibits the court filing of any "Confidential Discovery Materials" except:

---

[1] This protective order [Dkt. 54, Ex. A.] was entered by the Court on December 6, 2007, in the matter *Welch, et al. V. Eli Lilly & Co.*, 1:06-cv-641-RLY-JMS, which was initially filed as a class action. However, on September 29, 2010, the Court severed these claims and issued an order, instructing all Plaintiffs to file separate complaints. This action was filed on December 20, 2010.

> [W]hen required in connection with matters pending before the Court and when the party in good faith thinks the Confidential Discovery Materials are relevant to the subject matter of the filing. Whenever Confidential Discovery Materials are identified as an exhibit in connection with testimony or with any document filed with the Court in this case, it shall be served and filed in accordance with Local Rules 5.3 ( c) and (d) and shall remain sealed while in the office of the Clerk so long as they retain their status as Confidential Discovery Materials.  Said Confidential Discovery Materials shall be kept under seal until further order of the Court; however, said Confidential Discovery Materials and other papers filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Order and the Local Rules.

[Dkt. 65, ¶13.]  It is this last provision this Magistrate Judge finds particularly troubling. While the parties are free to regulate the confidentiality of their discovery exchanges among themselves, they do not have such unfettered freedom regarding Court filings. Whether a case, a filing, a document, or a part of a filing in a court's official file may be sealed is governed by statutes, rules of procedure, and judicially-created standards that are independent of any agreements of the parties.  _Baxter International, Inc. v. Abbott Laboratories_, 297 F.3d 544, 546 (7th Cir. 2002) ("documents in any litigation enter the public record notwithstanding any earlier agreement.")  In short, Courts have an independent duty to police the sealing of their case files to insure that only materials that satisfy the rigorous sealing standards are sealed from the public.

Court rules, specifically S.D. Ind. L.R. 5-11 and S.D. Ind. Civ. E.C.F. Manual §18 (b), establish a procedure for filing documents under seal.  Consistent with the procedures called for in these rules and in the SPO, Carter has filed his opposition brief and the related supporting exhibits under seal.  While this filing may be adequate to *temporarily* seal the documents, the Court finds it insufficient to maintain the sealing.  As Carter points out in

his unopposed motion, he is not the party who designated these documents as confidential: "Defendant designated every document it has produced as confidential." [Dkt. 54, p. 2.] Quite naturally, since Carter did not designate these documents as "confidential" he has little incentive or interest in seeking sealing protection.

Instead, the party in the best position to develop the factual and legal arguments for maintaining these documents in secret and from public view is the party having designated the documents as "confidential" from the start. It is only fair that Lilly, as the designating party, be given an opportunity to make its argument as to why the currently sealed documents are entitled to such secrecy and, therefore, remain sealed. Lilly shall have seven (7) days from the date of this Order to make a good faith determination whether any of the documents currently filed under provisional seal are eligible to maintain that seal and, if so, it shall file a supporting brief setting forth the legal and factual basis it contends support sealing each document. The Court expects that this filing shall be non-conclusory and shall cite controlling and persuasive authority, particularly authority from the United States Court of Appeals for the Seventh Circuit.

In the event that Lilly files such a supporting brief, Carter, as the filing party shall notify the Court within three (3) days after the supporting brief is filed whether he will or will not file a responding brief. If Carter, as the filing party, intends to file a response, then the briefing deadlines shall be as set forth in S.D. Ind. L. R. 7-1(b). If Carter does not intend to file a response, then briefing will be assumed to be closed and the Court will proceed to rule on the pending motion as it stands. If a member fo the public intervenes to challenge

the sealing of any of the documents, the Court will set a briefing schedule depending on the timing of the intervention.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Lilly shall have seven (7) days from the date of this Order to make a good faith determination whether any of the documents currently filed under provisional seal are eligible to maintain that seal and, if so, it shall file a supporting brief setting forth the legal and factual basis it contends support sealing each document or notification to the Court that it does not intend to file a motion to maintain the filing of these documents under seal**.

Dated: 01/27/2012

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distributed to:

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

Sandra L. Blevins
BETZ & ASSOCIATES
sblevins@betzadvocates.com

Ellen E. Boshkoff
FAEGRE BAKER DANIELS LLP - Indianapolis
ellen.boshkoff@faegrebd.com

Benjamin C. Ellis
BETZ & BLEVINS
bellis@betzadvocates.com

Sharon Yvette Eubanks
SANFORD WITTELS & HEISLER LLP
seubanks@swhlegal.com

Jamenda A. McCoy
FAEGRE BAKER DANIELS LLP - Chicago
jamenda.mccoy@faegrebd.com

Matthew Louis Schmid
SANFORD WITTELS & HEISLER, LLP
mschmid@swhlegal.com

Kristen L. Walsh
SANFORD WITTELS & HEISLER, LLP
kwalsh@swhlegal.com